IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00435-LTB
(Removal from Colorado Court of Appeals,
Case No. 2011CA736)

THE PEOPLE OF THE STATE OF COLORADO,

     Plaintiff,

v.

JAMES W. HALL,

     Defendant.

---

## ORDER FOR SUMMARY REMAND

---

Defendant, James W. Hall, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Hall has filed *pro se* a Notice of Removal stating that he is removing to this Court case number 2011CA736 from the Colorado Court of Appeals.  The Court must construe the Notice of Removal liberally because Mr. Hall is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the case will be remanded summarily to the state court.

Mr. Hall fails to provide "a short and plain statement of the grounds for removal" as required pursuant to 28 U.S.C. § 1446(a).  However, it appears that Mr. Hall, in the state court proceeding, is challenging the validity of a state court criminal conviction on the grounds that the state court lacked jurisdiction because he was not charged by

indictment in the criminal case.  Mr. Hall maintains that the lack of an indictment violates

his rights under the Fifth Amendment to the United States Constitution and renders any

state court judgment void and unenforceable.

Even construing the Notice of Removal liberally, the Court is unable to ascertain

any legitimate basis for removal of this action from the Colorado Court of Appeals.

Although 28 U.S.C. § 1443 authorizes the removal to federal court of certain civil rights

cases, the Court finds that the instant action may not be removed pursuant to § 1443.

The two requirements for removal under § 1443(1) are narrow and well-defined.

*See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).  "First, it must appear that

the right allegedly denied the removal petitioner arises under a federal law 'providing for

specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421

U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "A state

court defendant's claim that 'prosecution and conviction will violate rights under

constitutional or statutory provisions of general applicability or under statutes not

protecting against racial discrimination' is insufficient for removal."  *Colorado v. Lopez*,

919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219).  Mr. Hall does

not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot

enforce' the specified federal rights 'in the courts of [the] State.'"  *Johnson*, 421 U.S. at

219 (quoting 28 U.S.C. § 1443(1)).  The Supreme Court explained this requirement as

follows:

> Under § 1443(1), the vindication of the defendant's federal
> rights is left to the state courts except in the rare situations

where it can be clearly predicted by reason of the operation
of a pervasive and explicit state or federal law that those
rights will inevitably be denied by the very act of bringing the
defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).  This requirement

must be supported by specific factual allegations.  ***See generally*** 14A Charles Alan

Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Mr. Hall does not

provide the Court with specific factual allegations regarding any inability to enforce his

constitutional rights in the state court proceeding.  Therefore, removal pursuant to §

1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate.  Section

1443(2) "confers a privilege of removal only upon federal officers or agents and those

authorized to act with or for them in affirmatively executing duties under any federal law

providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Mr. Hall does not

allege that he is either a federal officer or a person assisting a federal officer in the

performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the Notice of Removal that

removal of this action should not be permitted, the action will be remanded summarily to

the state court pursuant to 28 U.S.C. § 1446(c)(4).  Accordingly, it is

ORDERED that Case No. 2011CA736 is remanded summarily to the Colorado

Court of Appeals.  It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this

order to the clerk of the Colorado Court of Appeals.

DATED at Denver, Colorado, this __25th__ day of ___October_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court